UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT MITKA,

                Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

CASE NO. C19-193-MJP-BAT

**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS**

Robert Mitka, who is currently represented by counsel, brings this 28 U.S.C. § 2241 habeas action to challenge his prolonged immigration detention and obtain release or a bond hearing. He has been detained since May 1, 2018, and an immigration judge ("IJ") found that she did not have jurisdiction to release him on bond. An IJ also denied his application for asylum, and his appeal of that decision is currently pending. U.S. Immigration and Customs Enforcement is scheduled to conduct a custody review on July 7, 2019, and may consider him for release at that time.

The Government has moved to dismiss, arguing that Mr. Mitka entered the United States under the Visa Waiver Program, and therefore (a) he is lawfully detained under the statute establishing that program, 8 U.S.C. § 1187, (b) the immigration court does not have jurisdiction to consider his request for a bond hearing under *Matter of A-W-*, 25 I. & N. Dec. 45 (BIA 2009),

ORDER DIRECTING PARTIES TO FILE
SUPPLEMENTAL BRIEFS - 1

and (c) the BIA's decision in *A-W-* should be afforded *Chevron* deference. Mr. Mitka's response brief did not address the Government's arguments and instead asserted that his detention of more than a year without a bond hearing violates his due process rights.

These are all issues of first impression in this District and, it appears, the Ninth Circuit. District courts addressing similar issues have reached different results. Some have held that a habeas petitioner in Mr. Mitka's situation is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing pursuant to that statute. *E.g.*, *Gjergi G. v. Edwards*, No. 19-5059, 2019 WL 1254561 (D.N.J. Mar. 18, 2019); *Emila N. v. Ahrendt*, No. 19-5060, 2019 WL 1123227 (D.N.J. Mar. 12, 2019). Others have declined to decide the statutory basis for the petitioner's detention and directly addressed the constitutional question. *E.g.*, *Bacuku v. Aviles*, No. 15-2543, 2016 WL 818894 (D.N.J. Mar. 2, 2016).[1]

"It is a fundamental principle that a court, presented with both statutory and constitutional grounds to support the relief requested, usually should pass on the statutory claim before considering the constitutional question." *Shannon v. U.S. Civil Serv. Comm.*, 621 F.2d 1030, 1031 (9th Cir. 1980) (per curiam). In light of this principle and the above authority resolving analogous cases without addressing constitutional claims, the Court concludes that it must determine the statutory basis for Mr. Mitka's detention prior to addressing due process claim. Given that Mr. Mitka did not address the statutory basis for his detention in his briefing, the Court will direct him to file a supplemental response and provide the Government with an opportunity to file a supplemental reply.

Based on the foregoing, the Court **ORDERS**:

---

[1] These are not the only approaches courts have taken to this issue but are the most relevant for the purposes of this order.

1  (1) Mr. Mitka shall file a supplemental response brief by **July 10, 2019**, that addresses, at a minimum, the statutory basis for his detention. Mr. Mitka also should inform the Court of the outcome of his July 7, 2019 custody review.

(2) The Government may file a supplemental reply brief by **July 15, 2019**.

(3) The Clerk is directed to **RE-NOTE** the Government's motion to dismiss, Dkt. 9, for July 15, 2019, and to send copies of this order to the parties and the assigned District Judge.

DATED this 27th day of June, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge