UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT MITKA,<br><br>               Petitioner,<br><br>    v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>               Respondent. | CASE NO. C19-193 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Petitioner's Objections (Dkt. No. 19) and Respondent's Objections (Dkt. No. 18) to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 17.) Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation, DENIES the Government's Motion to Dismiss (Dkt. No. 9), and GRANTS in part, DENIES in part Petitioner's habeas corpus petition (Dkt. No. 1). The Court ORDERS Respondent, within 30 days of the filing date of this order, to provide Petitioner with an individualized bond hearing that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011).

# Background

Petitioner Robert Mitka, a native and citizen of the United Kingdom, brings this 28 U.S.C. § 2241 habeas action to challenge his continued detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center. (Dkt. No. 4.) Petitioner entered the United States in October 2016 under the Visa Waiver Program ("VWP") and was authorized to remain in the United States until January 20, 2017, but overstayed. (Dkt. No. 10, Declaration of Sarah K. Morehead ("Morehead Decl."), Ex. A at 2.) On May 1, 2018, U.S. Customs and Border Control took Petitioner into custody and ordered his removal from the United States. (Id.) The BIA has denied Petitioner's request for asylum and he now awaits the outcome of his Petition for Review ("PFR"), pending since August 15, 2019. Mitka v. Barr, 19-71153 (9th Cir. 2019). Petitioner has been in custody for more than 18 months.

In his Report and Recommendation, Magistrate Judge Tsuchida found that Petitioner does not have a statutory basis to obtain a bond hearing[1] and his detention has not been indefinite in violation of Zadvydas v. Davis, 533 US. 678, 682 (2001). (Dkt. No. 17 at 3.) Judge Tsuchida then concluded that Petitioner has a constitutional right to a bond hearing under the factors outlined in Banda v. McAleenan, 385 F. Supp. 3d 1099, 1106-07, 1116-18 (W.D. Wash. 2019), appeal pending (Robart, J.), concluded that Petitioner's continued mandatory detention has become unreasonable, and that due process requires the Government to provide him with a bond hearing. (Dkt. No. 17 at 8.)

Both Parties have now filed objections to the Report and Recommendation.

---

[1] Petitioner was ordered to file a supplemental brief addressing the statutory basis for his detention, but he failed to do so. (Dkt. No. 17.)

**Discussion**

I.  **Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28 U.S.C. § 636(b)(1).

II.  **Petitioner's Objections**

Although Petitioner has submitted objections, they contain no argument against the Report and Recommendation. (Dkt. No. 19.) Rather, Petitioner's attorney apologizes to the Court and to Petitioner for failing to respond to the Court's earlier order requesting briefing on the statutory basis for Petitioner's detention, explaining this as a "particularly damning" error because many courts have rejected the government's claimed authority to detain persons who entered through the VWP. (Dkt. No. 19 at 2.) Petitioner also wrote to support Magistrate Judge Tsuchida's conclusion that Petitioner has a due process right to a bond hearing. (Dkt. No. 19 at 2.) The Court has reviewed Petitioner's objections, and finding no substantive argument was raised, does not address the objections further here.

III.  **Respondent's Objections**

The Government raises three objections: (1) Petitioner is not entitled to a bond review as a VWP entrant in asylum-only proceedings, (2) Magistrate Judge Tsuchida erred in analyzing Petitioner's due process rights under the factors outlined in <u>Banda</u>, rather than the three-part test articulated in <u>Mathews v. Eldridge</u>, 424 U.S. 319, 334 (1976), and (3) even if the <u>Banda</u> factors were applicable, they were misapplied to the facts in this case. (Dkt. No. 18.)

**A. Bond Review as a VWP Participant**

The Government contends that Petitioner is not entitled to a bond review as a VWP entrant in asylum-only proceedings. (Dkt. No. 18 at 2-3.) While acknowledging that multiple other courts in this district have held that "unreasonably prolonged mandatory detention under 8 U.S.C. §§ 1225(b) and 1226(c) without a bond hearing violates due process," (Dkt. No. 18 at 2); Banda, 385 F. Supp. 3d at 1106; Martinez v. Clark, No. 18-1669-RAJ, Dkt. No. 17 (W.D. Wash. May 23, 2019) (Theiler, M.J.), the Government argues that Section 1187, which applies to Petitioner as a VWP participant, does not afford him the same rights. (Dkt. No. 18 at 2.)

However, "it would be 'both illogical and legally unsound to afford greater procedural protections to aliens detained under Section 1226(c) than to aliens detained under' Section 1187." Dukuray v. Decker, No. 18 CV 2898 (VB), 2018 WL 5292130, at *3 (S.D.N.Y. Oct. 25, 2018) (quoting Martinez v. Decker, 2018 WL 5023946, at *4 (S.D.N.Y. Oct. 17, 2018)). And "[c]onstruing 8 U.S.C. § 1187 to permit indefinite detention of an alien would raise a serious constitutional problem." Neziri v. Johnson, 187 F. Supp. 3d 211, 214 (D. Mass. 2016). This is especially so when the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so," Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). The Government's argument that arbitrary prolonged detention is permitted for VWP participants when it is unconstitutional for other asylum-seekers is therefore unavailing.

**B. Test for Analyzing Due Process Claim**

Next, the Government objects to Magistrate Judge Tsuchida's due process analysis, which relied on the factors described in Banda, 385 F. Supp. at 1106, rather than the Government's preferred test, outlined in Mathews, 424 U.S. at 335. In Banda, the court

concluded that "the Mathews test is not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." 385 F.Supp. 3d at 1106 (citation omitted). Instead, the Banda court adopted a six-factor, "case specific analysis" to resolve the "fundamental issue of whether any procedure—such as a bond hearing—must be provided." Id. at 1106-1107.

Because the Court finds that analyzing the facts under Mathews does not change the outcome here, and because courts, including this one, have applied Mathews to determine whether due process requires a bond hearing, Padilla v. U.S. Immigration & Customs Enf't, 387 F. Supp. 3d 1219, 1228 (W.D. Wash. 2019), the Court will conduct the Mathews analysis without deciding which test should be applied in this matter.

The Mathews test examines and weighs:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews, 424 U.S. at 335.

Petitioner's private interest in receiving a bond hearing is "'fundamental': freedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (quoting Foucha v. Louisiana, 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992)). Indeed, the Government concedes Petitioner's interest in being released, but argues it is somehow lessened because "his detention is not indefinite." (Dkt. No. 18 at 4.) But Petitioner has been in custody for 18 months, which conflicts with his constitutionally-protected interest in freedom from unnecessary incarceration. Zadvydas v.

Davis, 533 U.S. 678, 690 (2001). The fundamental nature of that interest is "beyond dispute." Hernandez, 872 F.3d at 993.

The Government next contends that Petitioner has received sufficient process, including a bond review and reviews of his custody status. (Dkt. No. 18 at 4 (citing Dkt. No. 10, Ex. B; Dkt. No. 16, Ex. 1.) But the Government's reviews of Petitioner's custody—which do not allow Petitioner to present evidence or have any input in the process—are insufficient, especially where the absence of a bond hearing creates the "significant risk that the individual will be needlessly deprived of the fundamental right to liberty." Hernandez, 872 F.3d at 998.

The final Mathews factor, which looks to the burden on the Government, also favors Petitioner. The Government argues that because it has determined Petitioner is a flight risk, it has a heightened interest in his continued detention. (Dkt. No. 18 at 4.) "To detain a noncitizen for a prolonged period of time while removal proceedings are pending, due process requires the government to show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community at the time of the bond hearing." Calderon-Rodriguez v. Wilcox, 374 F. Supp. 3d 1024, 1032 (W.D. Wash. 2019) (emphasis added) (citing Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1999) ("Measures must be taken to assess the risk of flight and danger to the community on a current basis.") (additional citation omitted). The Government has not met that standard of proof here and its argument that Petitioner is a flight risk is more appropriately heard during a bond hearing. Petitioner is entitled to a hearing under Mathews.

**C. Application of Banda Factors**

The Government also contends that even if the multifactor test used in Banda were applicable here, it was misapplied to the facts of this case. (Dkt. No. 18 at 4.) In Banda the court

considered the following factors to determine whether the petitioner was entitled to a bond hearing:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

385 F. Supp. at 1106.

The Report and Recommendation concluded that four of these factors—the first, second, fourth, and fifth—favor Petitioner, while the other two factors are neutral. (Dkt. No. 17 at 5.) Among the Report and Recommendation's findings was that the likely duration of future detention is lengthy because it could take up to two years for Petitioner to seek review of his appeal if the BIA affirmed. (Id. at 6.) The Government points out that the BIA has now dismissed Petitioner's appeal, the Government has a pending motion to dismiss before the Ninth Circuit, and Petitioner has "delayed proceedings" by filing what the Government claims is an untimely PFR; the Government argues that these developments each weigh in its favor. (Dkt. No. 18 at 5.)

With no information before the Court regarding the amount of time it will take the Ninth Circuit to adjudicate the Government's pending motion to dismiss or Petitioner's PFR, or whether Petitioner's PFR was untimely filed—indeed, the Government only musters the argument that it "appears to be untimely" (Dkt. No. 18 at 5)—the Court finds these factors do not weigh against Petitioner. The Court also finds that the Government failed to show that the PFR was filed in "bad faith" or was Petitioner's attempt "to deliberately slow the proceedings in hopes of obtaining release" (Dkt. No. 17 at 6 (quoting Martinez v. Clark, No. 18-1669-RAJ, Dkt. 17 at 21-22 (W.D. Wash. May 23, 2019) (Theiler, M.J.), (additional citation omitted).) As noted in the Report and Recommendation, "Petitioner is entitled to raise legitimate defenses to removal

. . . and such challenges to his removal cannot undermine his claim that detention has become unreasonable." (Id. (quoting Liban M.J. v. Sec. of Dep't of Homeland Sec., 367 F. Supp. 3d 959, 965 (D. Minn. 2019).)

Finding that the Government's objections do not change the outcome under Banda, especially in light of the weight owed to the first factor, the length of Petitioner's 18-month detention—"a very long time" that "strongly favors granting a bond hearing" (Dkt. No. 17 at 5)—the Court finds that due process requires the Government to provide Petitioner with a bond hearing.

**Conclusion**

For the reasons discussed above, the Court finds and ORDERS:

1. The Report and Recommendation is ADOPTED.
2. The Government's motion to dismiss, (Dkt. No. 9), is DENIED.
3. Petitioner's habeas petition, (Dkt. No. 4), is GRANTED in part and DENIED in part. Petitioner is not entitled to an order of release, but he is entitled to a bond hearing.
4. Within 30 days of the date of this order, the Government shall provide petitioner with an individualized bond hearing that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011).

The clerk is ordered to provide copies of this order to all counsel.

Dated November 12, 2019.

Marsha J. Pechman
United States District Judge